# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **DOROTHY LOUISE HAGA, ADMINISTRATOR, ETC.,** ) | |
| ) | Case No. 1:05CV00033 |
| Plaintiff, ) | |
| ) | **OPINION** |
| v. ) | |
| ) | By: James P. Jones |
| **EDWARD J. MOSKOWITZ, M.D., ET AL.,** ) | Chief United States District Judge |
| ) | |
| Defendants. ) | |

In this medical malpractice case pending in the Circuit Court of Smyth County, Virginia, one of the defendants, Edward J. Moskowitz, M.D., filed yesterday a Notice of Removal of the action to this court. The right of removal is premised on the fact that on April 21, 2005, Dr. Moskowitz filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of South Dakota. *See* 28 U.S.C.A. § 1334(b) (West 1993) (providing that district courts shall have original but not exclusive jurisdiction of all civil proceedings related to cases under the Bankruptcy Code).

The plaintiff has moved to remand the case and the parties have presented oral argument by conference telephone call.[1]

---

[1] Expedited consideration was given to the Motion to Remand because it is represented that trial in the state court is set to begin on April 25, 2005.

The issue before me is whether the court should abstain from exercising jurisdiction over this case. As pointed out by the defendants, the mandatory abstention provisions of 28 U.S.C.A. § 1334(c)(2) (West Supp. 2004) do not apply because the state action asserts a personal injury tort or wrongful death ("PITWD") claim. *See* 28 U.S.C.A. § 157(b)(4) (West 1993) (excepting "non-core proceedings," such as PITWD claims, from § 1334(c)(2)). Because the elements for mandatory abstention are not satisfied, I will not abstain pursuant to § 1334(c)(2).

However, non-core proceedings are still subject to discretionary abstention under § 1334(c)(1), based upon certain equitable considerations. *See A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1010 n.14 (4th Cir. 1986); *In re Pharmakinetics Labs., Inc.*, 139 B.R. 350, 352 (D. Md. 1992); *see also In re White Motor Credit,* 761 F.2d 270, 273 (6th Cir. 1985) (discussing "[t]he apparent conflict between sections 157(b)(5) and 1334(c)(1)" and holding that while "157(b)(4) . . . removes tort cases from mandatory abstention under section 1334(c)(2)," it does not remove discretionary abstention under . . . 1334(c)(1)"). Discretionary abstention is not only authorized, but appropriate, in PITWD cases after consideration of the following factors:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the

administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*Blanton v. IMN Financial Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001) (citations omitted).

Several of these factors are present in this case and weigh in favor of abstention. This proceeding is based solely on matters of state law. Dr. Moskowitz is but one of several defendants, and the claims against the remaining defendants may proceed in the state court.[2] Furthermore, this case is set for trial in state court on the next business day. Accordingly, I will abstain from hearing this case and remand it to the state court.

    DATED: April 22, 2005

    /s/ JAMES P. JONES
    Chief United States District Judge

---

[2] The plaintiff recognizes that she may not proceed against Dr. Moskowitz in state court unless and until the bankruptcy automatic stay is lifted by the bankruptcy court, but the plaintiff is desirous of trying her case against the other defendants. In addition, one of the defendants has agreed to a settlement that must be approved by the state court.